**E-Filed 10/23/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>MOSAID TECHNOLOGIES, INC.,<br><br>   Defendant. | Case Number C 06-4496 JF (RS)<br><br>ORDER GRANTING MOSAID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>[re doc. no. 4] |

Defendant Mosaid Technologies, Inc. ("Mosaid") moves to dismiss the declaratory relief action of Plaintiff Micron Technology, Inc. ("Micron") for lack of subject matter jurisdiction or, alternatively, to transfer the action to the Eastern District of Texas. The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on October 20, 2006. For the reasons discussed below, the Court will dismiss the instant action for lack of subject matter jurisdiction.

## I. BACKGROUND

Mosaid is in the business of acquiring patents in order to obtain revenue by licensing such patents or litigating alleged infringement of such patents. Mosaid owns several patents in the area of dynamic random access memory ("DRAM"). The four largest manufacturers of DRAM

1   products are Samsung Electronics Company, Ltd. ("Samsung"), Hynix Semiconductor, Inc.
2   ("Hynix"), Infineon Technologies North America Corporation ("Infineon") and Micron,
3   accounting for more than 75% of worldwide DRAM sales.
4         Between 2001 and 2005, Mosaid filed and litigated patent infringement actions against
5   Samsung, Hynix and Infineon.  Mosaid reached settlement Samsung and Hynix in 2005, and with
6   Infineon in 2006.  As part of the *Infineon* settlement, the parties stipulated to vacatur of the claim
7   construction and summary judgment rulings, which were unfavorable to Mosaid at least in part.
8   The parties to the *Infineon* action filed a joint motion to vacate on July 24, 2006, which motion is
9   pending before this Court in a related action, *Infineon Technologies North America Corp. v.*
10  *Mosaid Technologies, Inc.*, C 02-5772 JF (RS).
11        On the same date the *Infineon* parties filed the joint motion to vacate, Micron filed the
12  instant declaratory judgment action against Mosaid and moved to intervene or in the alternative
13  to appear as *amicus curiae* in the *Infineon* action in order to oppose the motion to vacate.  The
14  following day, on July 25, 2006, Mosaid filed a patent infringement suit against Micron in the
15  Eastern District of Texas.  Mosaid also named as defendants two relatively small DRAM
16  manufacturers, ProMOS Technologies Inc. ("ProMOS") and Powership Semiconductor
17  Corporation ("Powership").

**II. DISCUSSION**

19        Under the Declaratory Judgment Act, a declaratory relief action may be brought to
20  resolve an "actual controversy."  28 U.S.C. § 2201.  "The purpose of the Act is to enable a person
21  who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of
22  that dispute without having to await the commencement of legal action by the other side."  *BP*
23  *Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993).  The Federal Circuit
24  has developed a two-part test for determining whether jurisdiction exists under the Act:  there
25  must be both (1) an explicit threat or other action by the patentee, which creates a reasonable
26  apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2)
27  present activity which could constitute infringement or concrete steps taken with the intent to
28  conduct such activity."  *Id.* at 978.  The test is applied to the facts existing when the declaratory

relief complaint is filed. *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988).

Only the first prong is at issue here. In determining whether a patent holder's conduct is sufficient to create a reasonable apprehension of suit, the Court must consider the totality of the circumstances. *Id.* "If the circumstances warrant, a reasonable apprehension may be found in the absence of *any* communication from the defendant to the plaintiff." *Id.* However, if the defendant "has done nothing but obtain a patent," there is no basis for the reasonable apprehension required by the test. *Id.*

While the Court initially was inclined to view Mosaid's history of litigating against other DRAM manufacturers together with Mosaid's public statements sufficient to meet the first prong, the Court concludes that Mosaid's conduct was not sufficient to give rise to a reasonable apprehension of litigation against Micron. The undisputed evidence in the record demonstrates that during the last four years, Mosaid has not made any direct threats or accusations of patent infringement to Micron; has not made any such threats or accusations to third parties (for example, Micron's customers); and has not made any public comments regarding infringement by Micron. Micron argues that Mosaid's suits against other DRAM manufacturers and public statements regarding its commitment to protect its patent rights nonetheless are sufficient to meet the first prong of the test. After reviewing all of the authorities cited by the parties, and conducting its own research, the Court has been unable to discover any case in which a company's prosecution of its patent rights, combined with general statements to the market, were held sufficient to give rise to jurisdiction under the Declaratory Relief Act.

Even if the Court were to find that Micron had established subject matter jurisdiction, the Court would exercise its discretion to decline jurisdiction in this case. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, (1995) (federal courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"). Factors to be considered in a court's decision whether to exercise subject matter jurisdiction include the judicial goals of avoiding needless determination of state law issues; discouraging litigants from filing declaratory actions as a

1  means of forum shopping; avoiding duplicative litigation. *Huth v. Hartford Ins. Co. of the*
2  *Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).
3  　　　As noted above, Mosaid has filed a patent infringement action against Micron and other
4  defendants in the Eastern District of Texas. Because Micron filed the instant declaratory relief
5  action before Mosaid filed the Texas action, the Court ordinarily would give Micron's choice of
6  forum great weight under the first to file rule. However, the existence of subject matter
7  jurisdiction over Micron's declaratory relief action is tenuous at best given the absence of any
8  direct or indirect threats of litigation by Mosaid. The question of Micron's infringement may be
9  fully litigated in Texas. Because it includes parties not named in the instant action, the Texas
10 action is broader than the instant declaratory relief action. Because the cases were filed only one
11 day apart, this Court is not any more invested in the issues than is the Texas Court. Under these
12 circumstances, for reasons of judicial economy and to avoid duplicate litigation, the Court
13 concludes that the Eastern District of Texas provides the better forum for litigation of the claims
14 between Micron and Mosaid.
15 　　　Because the Court concludes that it lacks subject matter jurisdiction, and that it would
16 decline to exercise such jurisdiction even if it existed, the Court need not reach Mosaid's
17 alternative motion to transfer the instant action to the Eastern District of Texas.

### III. ORDER

Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

DATED: 10/23/06

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-4496 JF (RS)
ORDER GRANTING MOSAID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
(JFLC2)

1  This Order was served on the following persons:

2

3  Lorrel A. Birnschein     birnscheinl@howrey.com, fabianj@howrey.com

4  Henry C. Bunsow     bunsowh@howrey.com, lim@howrey.com

5  Korula T. Cherian     cheriank@howrey.com, perezl@howrey.com

6  Sean DeBruine     sdebruine@akingump.com, skapralov@akingump.com;
   nmarie@akingump.com; btseng@akingump.com; vchan@akingump.com

7

8  Jonathan M. James     jjames@perkinscoie.com, dgraziano@perkinscoie.com,
   docketphx@perkinscoie.com

9  Stefani E. Shanberg     sshanberg@perkinscoie.com, eeberline@perkinscoie.com

10 Robert Scott Wales     WalesS@howrey.com, PearsonS@howrey.com

11 Kenneth B. Wilson     kwilson@perkinscoie.com, eeberline@perkinscoie.com;
   sshanberg@perkinscoie.com; wriggs@perkinscoie.com; lbailey@perkinscoie.com;
12 dhellmoldt@perkinscoie.com; mrubin@perkinscoie.com

13 David M. LaSpaluto
   Perkins Coie Brown & Bain P.A.
14 2901 North Central Avenue
   P.O. Box 400
15 Phoenix, AZ 85001-0400

16 Christopher M. Schultz
   Perkins Coie Brown & Bain P.A.
17 2901 North Central Avenue
   P.O. Box 400
18 Phoenix, AZ 85001-0400

19

20

21

22

23

24

25

26

27

28

Case No. C 06-4496 JF (RS)
ORDER GRANTING MOSAID'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
(JFLC2)